Benjamin Rudolph Delson (CA Bar No. 337882)
*rd@rudolphdelson.com*
3810 Broadway
Sacramento, CA 95817
Telephone: (916) 970-7100

*Attorney for Plaintiff Ian O'Reilly, on behalf of
himself and all others similarly situated*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IAN O'REILLY, on behalf of himself and all other persons similarly situated, | Case No.: |
| *Plaintiff,* | |
| v. | **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL** |
| THE GAP, INC., | |
| *Defendant.* | |

Plaintiff IAN O'REILLY ("Plaintiff" or "Mr. O'Reilly"), on behalf of himself and all other persons similarly situated, brings this action against Defendant THE GAP, INC. ("Defendant" or "Gap, Inc."), for violations of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq.,* and its supporting regulations, 20 CFR §639.1 *et seq.* (the "WARN Act").

## <u>NATURE OF THE ACTION</u>

1.      Ian O'Reilly worked for Gap Inc. for more than five years, until Gap Inc. terminated him as part of a mass layoff in April 2023. Gap Inc. failed to give Mr. O'Reilly, or any of its employees working remotely, sixty days' notice of the mass

layoff, as required by the WARN Act. Through this lawsuit, Mr. O'Reilly, individually and on behalf of all remote employees of Gap Inc. who were laid off without sufficient notice, seeks to be made whole.

## JURISDICTION, VENUE and DIVISIONAL ASSIGNMENT

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

3.     Venue is proper in this district, in the San Francisco Division, pursuant to 28 U.S.C. § 1391 and Local Rule 3-2, because a substantial part of the acts or omissions giving rise to the claims herein occurred in this District in the County of San Francisco.

## THE PARTIES

4.     Defendant The Gap, Inc. ("Defendant" or "Gap Inc.") is a California corporation headquartered at 2 Folsom Street, San Francisco, CA 94105.

5.     Plaintiff Ian O'Reilly ("Plaintiff" or "Mr. O'Reilly") is an adult resident of Missoula, Montana.

6.     From about 2017 until May 12, 2023, Gap Inc. was Mr. O'Reilly's "employer" as that term is defined in the WARN Act.

7.     In and about April 2023, Gap Inc. conducted a "mass layoff" at its headquarters in San Francisco as that term is defined in the WARN Act.

8.     Plaintiff brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all other persons similarly situated ("the Class"): All persons employed by Gap Inc. and terminated in a mass layoff in

about April 2023, who were not provided 60 days' notice of that mass layoff, but who (i) were assigned Gap Inc.'s headquarters in San Francisco as their home base, or (ii) were assigned their work from Gap Inc.'s headquarters in San Francisco, or (iii) were required to report to managers located in Gap Inc.'s headquarters in San Francisco.

9.     As to each of the Plaintiff and the members of the Class, their "site of employment," as that term is defined in the WARN Act, was Gap Inc.'s headquarters in San Francisco.

10.    Gap Inc. did not provide 60 days' advance notice of the mass layoff to Plaintiff and the members of the Class.

## STATEMENT OF FACTS

11.    Mr. O'Reilly was employed by Gap Inc. for more than five and a half years, starting in about 2017.

12.    Prior to the COVID-19 pandemic, Mr. O'Reilly resided in San Francisco and reported to work at Gap Inc.'s headquarters in San Francisco.

13.    However, during the pandemic, and with full knowledge and permission from Gap Inc., Mr. O'Reilly relocated his residence to Missoula, Montana and continued working for Gap Inc. remotely, using his Montana home as his office.

14.    In the spring of 2023, Mr. O'Reilly's title was Manager of Supply Chain Operations for  Gap Inc..

15.    Mr. O'Reilly's manager was Jeanne Newby, a Director who worked at Gap Inc.'s headquarters in San Francisco.

16.     While working remotely for Gap Inc. from Missoula, Montana, Mr. O'Reilly reported to Ms. Newby at Gap Inc.'s headquarters in San Francisco.

17.     While working remotely for Gap Inc. from Missoula, Montana, Mr. O'Reilly was assigned work from Ms. Newby at Gap Inc.'s headquarters in San Francisco.

18.     While working remotely for Gap Inc. from Missoula, Montana, Gap Inc. deemed his "location" to be Gap Inc.'s headquarters in San Francisco, including listing 2 Folsom Street as his "business" address in internal databases.

19.     In or about April 2023, Gap Inc. conducted a mass layoff. Gap Inc. laid off in excess of 1800 employees worldwide, and in excess of 500 employees at its San Francisco headquarters.

20.     Gap Inc. maintains a "Standard Transition Benefits Plan" for the benefit of its employees, which provides that, in the event they are terminated because their position has been eliminated, certain employees will receive, sixty days after their termination, a lump sum severance, with the amount determined by their salary, tenure and position.

21.     Upon information and belief, when it conducted its mass layoff in April 2023, Gap Inc. offered the benefits provided under its Standard Transition Benefits Plan to all employees eligible for benefits under that plan. However, those employees would only receive those benefits if they released Gap Inc. from all claims of violation of the WARN Act.

22.     Upon information and belief, when it conducted its April 2023 mass layoff, Gap Inc. gave all affected employees who were located in San Francisco and who worked

out of its San Francisco headquarters, (i) at least sixty days' notice of the termination, and (ii) offered them their full benefits under its Standard Transition Benefits Plan, payable within sixty days of their termination, if they waived claims under the WARN Act.

23.     However, upon information and belief, when it conducted its April 2023 mass layoff, Gap Inc. gave all affected employees who were <u>not</u> located in San Francisco, but who worked remotely out of its San Francisco headquarters, (i) <u>less</u> than sixty days' notice of the termination, and (ii) offered them their full benefits under its Standard Transition Benefits Plan, payable within sixty days of their termination, if they waived claims under the WARN Act.

24.     Gap Inc. terminated Mr. O'Reilly in the mass layoff.

25.     Mr. O'Reilly received notice of his termination on April 27, 2023.

26.     The notice sent by Gap Inc. to Mr. O'Reilly informed him that his termination would be effective May 12.  In other words, Gap Inc. gave Mr. O'Reilly <u>only</u> <u>fifteen days</u> notice of his termination.

27.     Gap Inc. gave Mr. O'Reilly <u>only</u> <u>fifteen</u> <u>days</u> notice of his termination in the mass layoff because he was a remote employee.

28.     Gap Inc. offered Mr. O'Reilly its standard transition benefits (which, given his salary, position and tenure, amounted to eight weeks of severance), but only if he signed a waiver of his claims under the WARN Act.  He did not sign.

29.     Mr. O'Reilly was assigned Gap Inc.'s San Francisco headquarters as his work "home base," and Gap Inc.'s San Francisco headquarters was the site "from which his

work was assigned", and Gap Inc.'s San Francisco headquarters was the site "to which he reported," as those terms are defined in the WARN Act.

30.     Mr. O'Reilly's "site of employment" during his employment with Gap Inc., as that term is defined in the WARN Act, was Gap Inc.'s San Francisco headquarters.

31.     Mr. O'Reilly was an "affected employee" of the "mass layoff" at Gap Inc.'s San Francisco headquarters in about April 2023, as those terms are defined in the WARN Act.

32.     Because Mr. O'Reilly was an affected employee of the mass layoff at Gap Inc.'s San Francisco headquarters in about April 2023, he was entitled to sixty day's notice of his termination.

33.     By terminating Mr. O'Reilly in the mass layoff at Gap Inc.'s San Francisco headquarters in about April 2023 with less than sixty days' notice, Gap Inc. violated the WARN Act.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff incorporates by reference the facts and allegations of the preceding paragraphs.

35.     Plaintiff and the members of the Class were all remote workers employed by Gap Inc. who (i) were assigned Gap Inc.'s headquarters in San Francisco as their home base, or (ii) were assigned their work from Gap Inc.'s headquarters in San Francisco, or (iii) were required to report to managers located in Gap Inc.'s headquarters in San Francisco.

36.    Plaintiff and the members of the Class were all "affected employees" terminated during the "mass layoff" at Gap Inc.'s San Francisco headquarters in about April 2023, as those terms are defined in the WARN Act.

37.    Plaintiff and the members of the Class were all provided less than sixty days' notice of their terminations, in violation of the WARN Act.

38.    Plaintiff and the members of the Class, as remote workers of Gap Inc. who were terminated in mass layoff at Gap Inc.'s San Francisco headquarters in about April 2023 with less than sixty days' notice, were all subject to the same policy and practices of Gap Inc..

39.    Plaintiff therefore seeks to prosecute his WARN Act claims both individually and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure on behalf of all similarly situated individuals, that is: All persons employed by Gap Inc. and terminated in a mass layoff in about April 2023, who were not provided 60 days' notice of that mass layoff, but who (i) were assigned Gap Inc.'s headquarters in San Francisco as their home base, or (ii) were assigned their work from Gap Inc.'s headquarters in San Francisco, or (iii) were required to report to managers located in Gap Inc.'s headquarters in San Francisco.

40.    The members of the proposed Class are so numerous that joinder of all members is impractical and inefficient such that the requirements of Rule 23(a)(1) are met.  Although the precise number of such persons is not yet known to Plaintiffs, upon information and belief there are more than 40 members of the Class.

41.    The requirements of Rule 23(a)(2) are therefore met because there are common questions of law and fact affecting the member of the Class, including:

a.  What constitutes proof of an employee's "home base," as that term is defined in the WARN Act;

b.  What constitutes proof of the location "from which work was assigned," as that term is defined in the WARN Act;

c.   What constitutes proof of the location "to which an employee reported," as that term is defined in the WARN Act;

d.  That the Plaintiff and the members of the Class were "affected employees" of the mass layoff at Gap Inc.'s headquarters in San Francisco in April 2023, as that term is defined in the WARN Act;

e.  That Defendants failed to provide sixty days' notice to the Plaintiffs and the members of the Class of the mass layoff at Gap Inc.'s headquarters in San Francisco in April 2023;

f.  That Defendant is liable for all damages claimed hereunder, including but not limited to compensatory and statutory damages, interests, costs and disbursements and attorneys' fees;

g.  That any waivers of claims signed by the Plaintiff and the members of the Class were procedurally unconscionable *inter alia* because, having been terminated on illegally short notice, and being under economic duress, the Plaintiff and the members of the Class were offered severance only if they signed such waivers;

h.  That any waivers of claims signed by the Plaintiff and the members of the Class were substantively unconscionable *inter alia* because Gap Inc. made the payment of compensation and benefits earned by Plaintiff and the members of the Class contingent on signing waivers of all claims against Defendants.

42.  Plaintiff's claims are typical of the claims of the Class as a whole.  Plaintiff and the Class have suffered harm due to Defendants' failure to provide them 60 days' notice of their terminations in its April 2023 mass layoff at its San Francisco headquarters.  The requirements of Rule 23(a)(3) are therefore met.

43.  Plaintiff will fairly and adequately protect the interests of the Class:  Plaintiff has retained Benjamin Rudolph Delson, Esq., who has extensive experience prosecuting employment and class action litigation in federal courts.  Plaintiff has no interests that are contrary to or in conflict with the Class.  The requirements of Rule 23(a)(4) are therefore met.

44.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members of the Class is impracticable.  Furthermore, inasmuch as the damages suffered by individual members of the Class might be relatively small, amounting to about six weeks of pay per member of the Class, the expense and burden of individual litigation make it virtually impossible for the members of the Class to individually seek redress for the wrongs done to them.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments

about Defendant's practices with respect to remote employees. Certification under Rule 23(b)(3) is therefore appropriate.

45.     There will be no difficulty in the management of this action as a class action.

46.     Plaintiff intends to send notice to all members of the proposed Class to the extent required by Rule 23.

### COUNT ONE
**The WARN Act**
*On behalf of Plaintiff and the Class*

47.     Plaintiff, on behalf himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48.     Defendant was the "employer" of Plaintiff and the members of the Class as that term is defined under the WARN Act.

49.     In and about April 2023, Plaintiff and the members of the Class did not report to work daily at Gap Inc.'s headquarters in San Francisco.

50.     However, in and about April 2023, as to each of the Plaintiff and the members of the Class, Gap Inc. either (i) considered their "home base" to be its headquarters in San Francisco, or (ii) assigned them their work from its headquarters in San Francisco, or (iii) required them to report to managers located in its headquarters in San Francisco.

51.     As to each of the Plaintiff and the members of the Class, their "single site of employment," as that term is defined in the WARN Act, was Gap Inc.'s headquarters in San Francisco.

52.     In and about April 2023, Gap Inc. conducted a "mass layoff" at its headquarters in San Francisco as that term is defined in the WARN Act.

53.     Gap Inc. did not provide 60 days' advance notice of the mass layoff to Plaintiff and the members of the Class.

54.     Gap Inc.'s failure to provide 60 days' advance notice of the mass layoff to Plaintiff and the members of the Class was willful and without any good faith basis.

55.     As a result of Gap Inc.'s willful failure to provide 60 days' advance notice of the mass layoff to Plaintiff and the members of the Class, Plaintiff and the members of the Class were damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Class, respectfully requests that this Court grant the following relief:

(a)     Certify this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)     Appoint the Plaintiff as Class Representatives and appoint his counsel as Class Counsel;

(c)     Award the Plaintiff and the members of the Class all compensatory damages and penalties due under the WARN Act, in an amount according to proof;

(d)     Award the Plaintiff and the members of the Class interest (including pre- and post-judgment interest);

(f)     Award the Plaintiff and the members of the Class their costs, expenses and attorneys' fees; and

(g)     Award auch other and further relief as to this Court appears necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all causes of actions and claims for which he has a right to a jury trial.

Dated:     August 8, 2023

Respectfully Submitted,

By:     */s/ Benjamin Rudolph Delson*
        Benjamin Rudolph Delson  (CA Bar No. 337882)
        *rd@rudolphdelson.com*
        3810 Broadway
        Sacramento, CA 95817
        Telephone:  (916) 970-7100

        *Attorney for Plaintiffs Ian O'Reilly on behalf of himself and all others similarly situated*